UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| JASON L. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No.: |
| | ) |
| ASBURY AUTOMOTIVE GROUP, INC. | ) |
| d/b/a COGGIN NISSAN at the AVENUES, | ) |
| | ) |
| Defendant. | ) |
| _____/ | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jason L. Smith (hereinafter "Plaintiff" or "Smith") and files his Complaint against Defendant, Asbury Automotive Group, Inc. d/b/a Coggin Nissan at the Avenues (hereinafter "Defendant" or "Asbury Automotive Group") and in support Plaintiff states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"); and the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01 *et seq*. ("FCRA"), to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of his disability leading to Plaintiff's termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Smith, is a citizen of the United States, and is and was at all times material a resident of the State of Florida, residing in Duval County, Florida.

6. Defendant, Asbury Automotive Group, is a Foreign For Profit Corporation with its principal place of business in Duluth, Georgia.

7. Defendant does business in this judicial district and Plaintiff worked for Defendant at its 10859 Philips Hwy, Jacksonville, FL 32256 location.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On or about April 28, 2020, Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity

Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. On August 20, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, issued Upon Request.

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant as a full-time Sales Advisor at its 10859 Philips Hwy, Jacksonville, FL 32256 location for over four years prior to his unlawful termination.

15. Plaintiff's job duties included assisting Defendant's clients with purchasing vehicles.

16. Plaintiff is disabled.

17. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

18. At all times relevant, Plaintiff was able to perform the essential functions of his job with or without accommodations.

19. Plaintiff suffers from diabetes and neuropathy.

20. Plaintiff's disabilities substantially limit his major life activities including but not limited to sleeping and eating.

21. At all times relevant Defendant was aware of Plaintiff's disabilities.

22. In or around November 2019, Plaintiff applied for and utilized intermittent FMLA due to his disabilities.

23. Plaintiff experienced a flare up of his disability on March 30, 2020 and sent Juan Martinez, Sales Manager and Ron Messinetti, General Manager a text message indicating he would be out of work that day. Plaintiff received no response.

24. The following day, Plaintiff still did not feel well and contacted Mr. Martinez to apprise him of the situation. Mr. Martinez replied asking Plaintiff if he was "ok," and Plaintiff replied that he was not.

25. Plaintiff also text messaged Mr. Martinez on April 3, 2020 advising he would be back to work the following Monday.

26. Defendant then terminated Plaintiff over the phone citing Plaintiff was a "no call no show" on March 30, 2020 which is a clearly pretextual reason as Plaintiff's absence was covered under FMLA and he notified Defendant.

27. Upon information and belief, following Plaintiff's termination Defendant filled his position with a non-disabled employee.

28. Plaintiff has been damaged by Defendant's illegal conduct.

29. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

### **Count I: Disability Discrimination under the ADA**

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

32. Plaintiff was able to perform the essential functions of his job at the time of his termination.

33. Defendant is prohibited under the ADA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

34. Defendant violated the ADA by terminating and discriminating against Plaintiff based on his disability.

35. Plaintiff has been damaged by Defendant's illegal conduct.

36. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

37. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

38. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count II: Retaliation under the ADA

39. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

40. Defendant intentionally retaliated against Plaintiff for engaging in protected activity.

41. Defendant's conduct violates the ADA.

42. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

43. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

44. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages.

## Count III: FMLA Retaliation

45. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

46. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

47. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

48. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

49. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

50. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count IV: FMLA Interference

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

53. Plaintiff is a covered "employee" as defined by the FMLA because he worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

54. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

55. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

56. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

57. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

58. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count V: Handicap Based Discrimination in Violation of the FCRA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-29 above.

60. Plaintiff was a qualified individual with a handicap under the meaning of the FCRA.

61. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his handicap with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

62. Defendant violated the FCRA by terminating and discriminating against Plaintiff based on his handicap.

63. Defendant intentionally discriminated against Plaintiff on the basis of his handicap.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

65. Defendant's unlawful conduct in violation of the FCRA was outrageous, malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and or punitive damages.

### Count VI: Retaliation in Violation of the FCRA

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-29 above.

67. At all times relevant to this action, Plaintiff was a qualified employee with a handicap under the FCRA.

68. Defendant intentionally retaliated against Plaintiff for engaging in protected activity when he raised concerns about Defendant's discriminatory behavior.

69. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Plaintiff has suffered lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

70. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and ware of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief this Court deems just and propr.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No.: 099040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*